UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VICTOR MANUEL PEREZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 17-CV-2077 |
| JOHN DOE, et al., | ) ) ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Shawnee Correctional Center about an alleged lack of medical care during his detention in the Jerome Combs Detention Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff first alleges that, on an unspecified date, he visited the doctor at the Jerome Combs Detention Center with complaints of difficulty breathing and smelling. The doctor diagnosed a cold, but the Plaintiff disagreed. These allegations do not state a plausible constitutional claim. Disagreement with a doctor's diagnosis does not, by itself, suggest that the doctor's approach was outside the acceptable range of professional judgment. Steele v. Choi, 82 F.3d 175, 178-79 (7th Cir. 1996). Further, Plaintiff's description of his symptoms do not suggest that he had a serious medical need.

Plaintiff next alleges that, at the Shawnee Correctional Center in November 2015, he experienced stomach pains and was taken to the hospital for an appendectomy. The Court is confused as to why Plaintiff would be at the Shawnee Correctional Center in November 2015. His criminal case appeared to still be pending on that date. In any event, these allegations do not allow a plausible inference that anyone was indifferent to Plaintiff's stomach pains.

Plaintiff next alleges that in May of an unspecified year (the Court assumes 2016), he saw the doctor at the Kankakee County Jail for complaints of bad pain in his chest, heart, arms, and legs. The doctor told Plaintiff that exercise was causing the pain and prescribed some unidentified medicine that Plaintiff never received. In August 2016, Plaintiff felt like he was having a heart attack and was rushed to the hospital, where he had some sort of coronary procedure. On return to the Jail, Plaintiff did not receive the medicines prescribed by the specialist.

The Court cannot rule out a constitutional claim arising from the doctor's response to Plaintiff's complaints of pain in his chest, heart, arms, and legs. Plaintiff will need evidence that the doctor's decisions were a substantial departure from accepted professional judgment —blatantly inappropriate. <u>Petties v. Carter</u>, 836 F.3d 722, 729 (7th Cir. 2016). Malpractice is not enough to show a constitutional violation. Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000). However, this determination would be premature. Plaintiff may also state a possible constitutional claim based on the alleged refusal to give Plaintiff the medicines prescribed by the specialist.

Plaintiff will need to identify the names of the doctor and other medical professionals who allegedly denied him proper care. "Doe" defendants cannot be served. The Court will add the Kankakee County Chief of Corrections solely for the purpose of facilitating the identification of the proper defendants.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a constitutional claim for indifference to his serious medical needs regarding his heart/cardiovascular condition. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**2) Chad Kolitwenzew, Chief of Corrections for Kankakee County, is added as a Defendant for purposes of facilitating the identification of the proper Defendants.**

**3) John Doe 2 (the Sheriff) is dismissed, without prejudice, for failure to state a claim. No plausible inference**

**arises on the present allegations that the Sheriff had anything to do with Plaintiff's medical care.**

**4) Defendant Jerome Combs Detention Center is dismissed, with prejudice. The Center is not a suable entity, and only individuals can be sued under 42 U.S.C. § 1983.**

5) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**14) The clerk is directed to add Chad Kolitwenzew, Chief of Corrections for Kankakee County, as a Defendant.**

**15) The clerk is directed to terminate John Doe 2 (the Sheriff) and the Jerome Combs Detention Center.**

16) **The clerk is directed to change the name of Defendant "Chief Judge John Doe *Doctor*" to "John Doe, *Doctor*."**

17) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

18) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 4, 2017

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE